**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**AISHA SHEPARD,**

                **Plaintiff,**           **MEMORANDUM**
                                                    **AND ORDER**

        **-against-**                              **18-CV-3342 (MKB)**

**XPO LOGISTICS FREIGHT, INC., et al.,**

                **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      In view of the supplemental submission of defendant XPO Logistics Freight, Inc. ("XPO"), which attaches plaintiff Aisha Shepard's written settlement demand for $120,000, see Response to Order To Show Cause (& attachment) (July 17, 2018), Electronic Case Filing Docket Entry ("DE") #9, the Court will not at this time recommend that the case be remanded to state court for failure to satisfy the $75,000 threshold for diversity jurisdiction. Nevertheless, for the reasons outlined in this Court's June 21st Order To Show Cause, DE #7, counsel for XPO is admonished for removing this lawsuit prematurely, adding to the proliferation of cases that are removed to this Court before defendants have availed themselves of the procedure afforded under New York law for "request[ing] a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R § 3017(c); see, e.g., Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI) (LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017).

      Contrary to XPO's suggestion, see Response to Order To Show Cause (June 28, 2018) at 2-3, DE #8, information and records describing a plaintiff's medical condition and treatment

do not satisfy the removing defendant's burden to establish that the amount in controversy exceeds $75,000: "Courts in the Second Circuit repeatedly have held that medical records are typically insufficient to establish the required jurisdictional amount." Rugerio-Serrano v. Makita USA, Inc., No. 16-cv-5391 (KMK), 2017 WL 2297019, at *3 (S.D.N.Y. May 25, 2017) (collecting cases); see, e.g., Palmer v. Schindler Elevator Corp. 17-cv-3619 (ARR)(RLM), 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) (remanding despite defendant's allegation that plaintiff suffered lumbar spine injury that required surgical procedures). It is not the obligation of federal courts to surmise the value of plaintiffs' injuries.

According to the Notice of Removal, co-defendant Max E. Antonio had not been served as of June 7, 2018, see Notice of Removal (June 7, 2018) ¶4, DE #1, and no proof of service has been filed in the interim. If he has been served, plaintiff Shepard is directed to file proof of service by July 23, 2018; if he has not been served, plaintiff shall, by that same date, show cause why the claims against him should not be dismissed for lack of prosecution.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**July 18, 2018**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**